PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EDWIN PERALTA-CASTRO, ) | |
| ) | CASE NO. 4:23CV0505 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| WARDEN GARZA, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Respondents. ) | **AND ORDER** |

*Pro Se* Petitioner Edwin Peralta-Castro, a federal prisoner formerly incarcerated at the Elkton Correctional Institution ("FCI Elkton"), filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1). Petitioner claims that he does not have a final order of deportation and is eligible to earn First Step Act ("FSA") credits towards an early release from prison. *See* ECF No. 1 at Page ID #: 2, ¶ 6(c). Respondents returned that Petitioner does, however, have a final order of deportation, and it is dated January 31, 2011. Such an order makes Petitioner ineligible for FSA credits. *See* Declaration of Supervisory Detention and Deportation Officer Mark Gollon (ECF No. 7-1) at PageID #: 31, ¶ 3; Final Order of Removal (ECF No. 7-1 at PageID #: 33) (stating Respondent is subject to removal to Honduras as charged).[1] Congress specifically precluded deportable prisoners from being able to apply time credits. *See* 18 U.S.C. § 3632(d)(4)(E). Therefore, Petitioner is not

---

[1] Petitioner did not file a "Brief in Response" after Respondent Warden Garza filed the Answer/Response to Petition (ECF No. 7). *See* Order (ECF No. 2) at PageID #: 18.

(4:23CV0505)

eligible for time credits under the FSA.

Apart from that, this action, however, will be summarily dismissed because Petitioner is no longer in custody at FCI Elkton.[2] Thus, the Petition is moot. Article III, Section 2 of the U.S. Constitution provides that federal courts may adjudicate only live cases or controversies. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Doster v. Kendall*, No. 24-3404, 2025 WL 1369378, at *2 (6th Cir. May 12, 2025) (affirming district court's judgment that case was moot). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis*, 494 U.S. at 477; *see also Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (per curiam) (issues in a § 2241 petition were moot when the court could no longer provide the petitioner with requested relief due to prisoner's release from custody). In the context of a habeas corpus proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Jud. Cir. Ct. of Ky*, 410 U.S. 484, 494-95 (1973). Article III requires that an "actual controversy persist throughout all stages of litigation." *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) (internal quotation marks and citation omitted). *See Reynolds v. United States*, No. 9:24-cv-04358-SAL-MHC, 2024 WL 5414816, at *2 (D. S.C. Dec. 13, 2024) (recommending that § 2241 petition be dismissed for mootness), *report and recommendation adopted*, No. 9:24-cv-04358-SAL, 2025 WL 524804 (D. S.C. Feb. 18, 2025).

---

[2] According to the Federal Bureau of Prison's ("BOP") website (http://www.bop.gov/inmateloc/ (last visited Feb.12, 2026)), Petitioner (#97057-379) is not in BOP custody as of February 2, 2024.

(4:23CV0505)

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).[3]

    IT IS SO ORDERED.

| | |
|---|---|
| February 12, 2026 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[3] Petitioner has failed to provide the Court with his current address. *See* Returned Mail (ECF No. 8) dated December 2, 2025. It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (citing *Casimir v. Sunrise Fin., Inc.*, 299 Fed.Appx. 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion where movants claimed due to house fire they did not receive mail informing them of court's entry of summary judgment); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute where appellant failed to provide district court with "current address necessary to enable communication with him")).